NOT DESIGNATED FOR PUBLICATION

14-572

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

VERSUS

JOHN BOYD BAHAM

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 12765-12
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Jimmie C. Peters, Judges.

APPEAL DISMISSED. REMANDED WITH INSTRUCTIONS.

John F. DeRosier
District Attorney
P. O. Box 3206
Lake Charles, LA 70602-3206
COUNSEL FOR APPELLEE:
        State of Louisiana

Brent A. Hawkins
Louisiana Appellate Project
P. O. Box 3752
Lake Charles, LA  70602
COUNSEL FOR APPELLANT:
        John Boyd Baham

**PETERS, Judge.**

The State of Louisiana (state) charged the defendant, John Boyd Baham, with one count of forcible rape, a violation of La.R.S. 14:42.1, and one count of misdemeanor carnal knowledge of a juvenile, a violation of La.R.S. 14:80.1. These charges were filed under District Court Docket Number 12765-SO-12. On January 13, 2014, the state dismissed the forcible rape charge and the defendant entered a guilty plea to the misdemeanor carnal knowledge charge. The trial court sentenced the defendant to serve six months in the parish jail on the misdemeanor charge. In the same proceedings, the defendant entered a guilty plea to the offense of indecent behavior with a juvenile, a violation of La.R.S. 14:81. This offense had been charged separately, and was filed under District Court Docket Number 12763-SO-12. On February 5, 2014, the trial court granted the defendant an appeal of the sentences imposed in both docket numbers. The sentence issues were docketed in this court as two separate appeals, and the issue before us arises from District Court Docket Number 12765-SO-12, the misdemeanor conviction.

Louisiana Code of Criminal Procedure Article 912.1(C)(1) provides that the proper vehicle to obtain appellate review for a misdemeanor offense is an application for writ of review, and the defendant acknowledges this in his brief to this court. Citing *State v. LeBlanc*, 08-1533 (La.App. 3 Cir. 6/10/09), 12 So.3d 1125, *writ granted on other grounds*, 09-1355 (La. 7/6/10), 41 So.3d 1168, the defendant requests that his appeal be dismissed, and that he be allowed to seek review via writ application "once this appeal is complete." In *LeBlanc*, the defendant entered a guilty plea to one count of vehicular homicide, a felony as defined in La.R.S. 14:32.1, and three counts of vehicular negligent injuring, misdemeanors as defined in La.R.S. 14:39.1. The trial court sentenced her to thirty years at hard labor on the felony charge, and six months in the parish jail on each

1

of the misdemeanor charges. While the defendant's appeal in *LeBlanc* only addressed the excessiveness of the sentence on the felony charge, this court severed the misdemeanor charges from the appeal and instructed the defendant to file an application for supervisory writs within thirty days of the rendition of the opinion if she wished to seek a review of the sentences imposed on the misdemeanors. *Id.*

Following the rationale set forth in *LeBlanc*, we dismiss the defendant's appeal on the misdemeanor charge and instruct the defendant that if he chooses to seek review of the misdemeanor conviction, he must file an application seeking supervisory review with this court within fifteen days of this ruling.

**APPEAL DISMISSED. REMANDED WITH INSTRUCTIONS.**